Filed 3/25/16  In re Santos B. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| In re SANTOS B., a Person Coming Under the Juvenile Court Law. | B267723<br>(Los Angeles County<br>Super. Ct. No. FJ52590) |
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>SANTOS B.,<br><br>       Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Benjamin R. Campos, Judge.  Affirmed.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Santos B. appeals a judgment sustaining a notice under Welfare and Institutions Code section 777[1] alleging that he violated the conditions of his probation. Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

**FACTS**

In December 2104, the People filed a petition under section 602 alleging that Santos committed the offenses of making criminal threats (count 1; Pen. Code, § 422, subd. (a)) and misdemeanor vandalism (count 2; Pen. Code, § 594, subd. (a)).[2] At a pre-plea hearing in January 2015, Santos admitted to the petition and the juvenile court entered probation orders which included a condition that Santos not knowingly use or possess illegal drugs.

In October 2015, the probation officer issued a notice of violation of probation pursuant to section 777. On October 19, 2015, the juvenile court conducted an evidentiary hearing on the notice of violation. David Martinez, Santos's probation officer for the six months leading up to the hearing, testified. According to Martinez, Santos had admitted on several occasions that he had smoked marijuana. Further, Martinez found a number of pipes for smoking marijuana in Santos's room. Santos presented no evidence in defense. His counsel recognized that Santos had apparently violated the terms of his probation by smoking marijuana, but argued to the court to reject "probation's recommendation for camp . . . ." Counsel argued that Santos had not caused any problems during his probation, had been attending programs, that he was always remorseful for his actions, and that his abuse problems could be better addressed outside a camp placement.

---

[1]    All further undesignated section references are to the Welfare and Institutions Code.

[2]    The probation officer's report indicates that Santos threatened a neighbor while holding an object that appeared to be a screwdriver, then walked over to her car and punctured a tire with the object.

At the conclusion of the hearing, the juvenile court sustained the section 777 notice, and ordered Santos to a camp-community camp placement for five to seven months, with a drug program. The court granted 12 days predisposition credit.

Santos filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Santos on appeal. Appointed counsel filed an opening brief pursuant to *Wende, supra*, 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We then notified Santos by letter that he could submit any claim, argument or issues that he wished our court to review. Santos has not filed any response.

We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P.J.

We concur:

FLIER, J.

GRIMES, J.

3